### BARTHOLOMEW v ROTHROCK et

Ohio Appeals, 2nd Dist, Fayette Co

No. 224. Decided Dec 6, 1935

D. C. Bartholomew, Circleville, for plaintiff.

Maxwell G. Dice, Washington C. H., for defendants.

Joseph McGhee, Columbus, for Orvill House.

## OPINION

By THE COURT

The original action was one in which the plaintiff sought to quiet title to certain real estate. The matter was submitted to the court at the last term and the court held in favor of certain defendants and found that the title which the predecessor had taken to the real estate in question was a base or determinable fee. Plaintiff now moves the court for an order requiring the valuation of improvements and for all proper relief to which he may be entitled by law or equity under the occupying claimants law.

The facts disclose that C. G. Campbell on January 20, 1900 presented for record to the Recorder of Fayette County, a deed from Armilda Mallow Johnson. which deed was regular in form except that the habendum clause was as follows:

TO HAVE AND TO HOLD the same to the only proper use of the said C. G. Campbell for the sole and only use of building and maintaining a Grain Elevator thereon for buying and shipping grain, and to erect thereon scales and a residence to be used as such while so using said premises for elevator purposes as aforesaid, and said premises to revert and be the property of the grantor herein, her heirs and assigns, whenever said premises shall cease to be used for the sole and only purpose aforesaid. And the grantee herein is not to convey or sub-let said premises to anyone without the written consent of the grantor, her heirs or assigns."

The evidence further disclosed that the said Campbell installed certain elevator equipment in an elevator which he erected on said premises and that he also constructed a residence thereon; that in the year 1925 other buildings, not suitable for elevator purposes and not to be operated in connection with said elevator were erected on said premises; that said premises have ceased to be used for the sole and only purpose of maintaining a grain elevator thereon since the year 1928; and that on November 30, 1932 the said Campbell, by warranty deed except as to title, conveyed said premises to plaintiff, the exception in said warranty being as follows:

"Except that said warranty shall not extend to protect said grantee from and against any valid conditions and limitations contained in the deed of conveyance from Armilda Mallow Johnson to the said C. G. Campbell."

The plaintiff claims the right to recover for the value of improvements erected on these premises by virtue of the provisions of §11908 GC. The pertinent parts thereof which are necessary for our consideration of this question are the following:

"IN WHAT CASES OCCUPYING CLAIMANT TO BE PAID FOR IMPROVEMENTS. A person who, without fraud or collusion on his part, obtained title to and is in the quiet possession of lands and tenements, claiming to own them, shall not be evicted or turned out of possession by any person who sets up and proves an adverse and better title, until the occupying claimant, or his heirs, is paid the value of lasting improvements made by him on the land, or by the person under whom he holds, before the commencement of the suit on the adverse claim whereby such eviction is effected, unless the occupying claimant refuses to pay to the party establishing a better title the value of the lands without the improvements made as aforesaid, on demand by him or his heirs," when—

Sub-section (2):

he 'holds it by deed, devise, descent, contract, bond or agreement, from and under a person claiming title as aforesaid, derived from the records of a public office, or by deed duly authenticated and recorded'."

It was held in the case of Beardsley v Chapman, 1 Oh St 118 that the words, "by deed duly authenticated and recorded," as found in Sub-section 2 of this section, mean a deed to a person under whom the occupant claims, and not a deed to the occupant himself. This case also holds that both the deed to the occupant and that to his grantor must apparently convey an estate which would justify the holder thereof in making permanent improvements. So, in this case, before the motion of plaintiff may be sustained, it must appear that the title which he received from Campbell and the title which Campbell received from Armilda Mallow Johnson was such as would justify either or both of them in making lasting improvements upon the premises deeded to them. If the base or determinable fee, which the court has found was created in this case, had appeared in the title of Campbell's grantor, then, unquestionably, under the decisions the motion should be sustained. This is true because the claimant is "not presumed to know any defects or recitals that appear in deeds prior to that under which his grantor holds." Young v Mahoning County Commissioners et, 7 O. Fed. Dec., 324. It has been held by the Supreme Court that the provisions of The Occupying Claimants Law do not extend to cases wherein the claimant was a tenant in common or claimed under a life estate. Beardsley v Chapman, supra; Taylor v Foster, 22 Oh St 225. The only distinction which we can draw between the application of the law in these cases and the present case is this: in the case of a life tenant he knows positively that his ownership and possession will sometime be definitely ended, while in the case at bar the grantee, Campbell. knew that his title and possession might be concluded if he ceased to use the premises for elevator purposes. It occurs to us, therefore, that all improvements which were constructed by Campbell were placed there at his peril and that the only authority upon which he might rely for the enjoyment of those improvements was to con-

tinue to use the premises for elevator purposes. What was binding upon Campbell is likewise binding upon his immediate grantee, who is the plaintiff in this case. It also appears that all of the improvements constructed by Campbell were made at a time when it might be said that the conditions of his deed from Armilda Mallow Johnson were being fulfilled. But the character of the tenancy was changed thereafter and Campbell as well as his grantee sought to enjoy these improvements under their title, although the premises were not being used in the elevator business. This seems to be contrary to the intention of the Legislature as evidenced by the reading of the section. Again it would seem that the case of Taylor v Foster, supra, is authority. The case of Young v Mahoning County Commissioners, supra, is authority generally for the proposition that a claimant under a base or determinable fee may not have the benefit of the act. Our conclusion in this matter is not affected by reason of the fact stated in the brief of plaintiff that he paid value for the premises when he took them over from Campbell. Motion will be overruled, exceptions being saved for the plaintiff.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.